831 F.2d 1057
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Archie Lee EDWARDS, Plaintiff-Appellant,
v.
Grayland HAMILTON, Correctional Officer, Roosevelt Jones,
Doctor Billy Payne, Warden; Newport News City
Farm, Defendants-Appellees.
 No. 87-7625.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 27, 1987.
Decided Oct. 20, 1987.
 
 Archie Lee Edwards, appellant pro se.
 Before WIDENER, MURNAGHAN and WILKINS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Archie Edwards appeals the district court's order dismissing his 42 U.S.C. Sec. 1983 complaint without prejudice for failure to pay the required filing fee.
 
 
 2
 Edwards filed an application to file a civil rights complaint in forma pauperis. The district court, relying on Evans v. Croom, 650 F.2d 521 (4th Cir. 1981), cert. denied, 454 U.S. 1153 (1982), determined that Edwards should pay a partial filing fee of $8.50, which was 15% of the amount deposited in his prison account over the preceding six months. Edwards was informed that the failure to either pay the $8.50 partial fee or file a written explanation as to why he could not pay this fee would result in dismissal of his action. On February 17, 1987, after receiving no response from Edwards, the court dismissed the action. Edwards' notice of appeal was not received by the district court until June 29, 1987.
 
 
 3
 In civil actions in which the United States is not a party, appellants have thirty days after the entry of judgment to file their notice of appeal. Rule 4 (a) (1), Fed. R. App. P. A judgment is considered entered when the document ending the litigation, separate from the court order stating the court's reasoning, has been entered on the district court's docket sheet. Rule 58, Fed. R. Civ. P. The district court's order of February 17, 1987, meets the Rule 58 requirements due to the brevity of the order; the order merely indicated that the action was dismissed for failure to comply with a prior court order. See Hughes v. Halifax County School Board, --F.2d ----, No. 86-2653 (4th Cir. July 22, 1987).
 
 
 4
 Accordingly, we dismiss the appeal for want of jurisdiction. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 5
 DISMISSED.